GOODMAN v. SHAPIRA.

(Supreme Court, Appellate Division, First Department.   November 19, 1897.)

DIRECTING VERDICT—CONFLICTING EVIDENCE.
In an action to recover broker's commissions for procuring a purchaser for defendant's real property, defendant set up that, though plaintiff was employed to secure a cash purchaser, he brought one who wished to buy on credit, and that, as an inducement, plaintiff agreed to wait for his commis-

sion until the purchaser should make a certain future payment; and also alleged that the purchaser was not responsible. At the trial there was conflicting evidence as to the making of any such agreement by plaintiff, but it appeared that defendant had accepted the purchaser, and had conveyed the property to him. The judge directed a verdict for defendant, under exception, and denied plaintiff's request to go to the jury. *Held* error.

Appeal from trial term.

Action by Joseph Goodman against Samuel Shapira. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Abraham H. Sarasohn, for appellant.

Louis Manheim, for respondent.

RUMSEY, J. The action was brought to recover commissions which the plaintiff claimed that he had earned by procuring a purchaser for certain premises owned by the defendant. The defense was, among other things, that the plaintiff was to have brought to the defendant a purchaser for cash, but that, instead, he procured a purchaser for certain money down, for $1,000 to be paid in one year, and $3,000 two years, after the sale, and that it was agreed between the parties that, if the defendant would sell upon these terms, the commission to the plaintiff should not be payable until the $1,000 should be paid. Upon the trial the plaintiff gave evidence tending to establish the contract as he claimed that it was, and the defendant introduced testimony tending to establish that the contract was as it was alleged in the answer. There was, at the close of the testimony, a plain conflict between the parties upon that subject. At the close of the trial, the court ordered a verdict for the defendant, for the reason that the plaintiff did not bring a responsible purchaser, and for the reason that the acceptance of the purchaser was coupled with a condition that was never complied with. Exception was taken to this ruling, and the plaintiff requested to go to the jury on the question whether the agreement to pay a commission was absolute or upon condition, but this request was denied. In the ruling of the learned court upon this subject there was error.

There was also a clear conflict of evidence whether the commissions were to be payable upon the completion of the sale, or were to be due after the payment of the $1,000, as is claimed by the defendant. This question should have been submitted to the jury, and, for the refusal of the court to do so, there must be a new trial, with costs to the appellant to abide the event. All concur.